UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FERNANDO HERNANDEZ TAPIA, <br><br> Plaintiff, <br><br> v. <br><br> INFINITY JANITORIAL CONTRACTORS, INC. and ANA M. TRAITEL, <br><br> Defendants. | No. 23 CV 14291 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Fernando Tapia performed janitorial work for Defendants from April 2022 through May 2023. R. 33. Tapia alleges that during this time, Defendants failed to pay him for overtime as required by the federal Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). *Id*. Defendants move to dismiss. R. 34. For the reasons stated below, Defendants' motion is denied.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). A complaint must provide "a short and plain statement of the claim" and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citations omitted). "Facial plausibility exists when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (citations omitted). In deciding a

1

motion to dismiss, the Court "accept[s] all well-pleaded facts as true and draw[s] all reasonable inferences in favor of the plaintiff. *Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

## Analysis

### I. Employee and Employer Status

Defendants move to dismiss on the basis that Tapia is an independent contractor rather than an employee under the FLSA and IMWL. R. 34 at 3–12. Defendants also move to dismiss Defendant Traitel from the case on the basis that Traitel is not an employer under the FLSA and IMWL. *Id.* at 13. "The FLSA and IMWL both require employers to pay employees one and one-half times their regular hourly wage for hours worked in excess of 40 hours in a week." *Divine v. Volunteers of Am. of Illinois*, 319 F. Supp. 3d 994, 999 (N.D. Ill. 2018).[1] "Both statutes govern only employer-employee relationships" and they "do not cover independent contractors." *Vasquez v. Toko Elec. LLC*, 2024 WL 36863, at *1 (N.D. Ill. Jan. 3, 2024). "An employer who violates the FLSA or the IMWL is liable to the affected employee in the amount of their unpaid minimum wages or overtime pay." *Id.*

To determine whether a plaintiff is an employee or an independent contractor for the purposes of the FLSA and IMWL, and whether a defendant is an employer, courts consider the "economic realities of the working relationship." *Dalton v. Sweet Honey Tea, Inc.*, 2023 WL 8281524, at *7 (N.D. Ill. Nov. 30, 2023); *see also Cardenas*

---

[1] "Because the IMWL parallels the FLSA, courts generally use the same analysis to decide FLSA and IMWL claims." *Divine*, 319 F. Supp. 3d at 999 n.1 (citations omitted). The Court thus addresses the two statutes together.

*v. Grozdic*, 67 F. Supp. 3d 917, 923 (N.D. Ill. 2014). In both cases, the economic realities test requires a fact-intensive analysis of different factors.[2] It is "premature," however, "to conduct this extensive analysis at the initial pleading stage." *Dalton v. Sweet Honey Tea, Inc.*, 2023 WL 8281524, at *7; *Brown v. Club Assist Rd. Serv. U.S., Inc.*, 2013 WL 5304100, at *6 (N.D. Ill. Sept. 19, 2013) (The analysis of each factor is "a matter more appropriately resolved at summary judgment.").

At the pleading stage, a plaintiff sufficiently alleges that he was an employee when the plaintiff plausibly alleges that the defendant exercised control over the plaintiff's day-to-day job duties. *See Dalton*, 2023 WL 8281524 at *7 ("[It] is sufficient that Dalton has alleged that Defendants exercise sufficient control over her employment and day-to-day job duties to render her a covered employee, as opposed to an independent contractor."); *see also Vasquez*, 2024 WL 36863, at *2 (plaintiff plausibly alleged he was an employee where his alleged employers "exercised supervision and control over his day-to-day work, including his schedule, the

---

[2] To determine whether a plaintiff is an "employee," courts consider: 1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; 3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; 4) whether the service rendered requires a special skill; 5) the degree of permanency and duration of the working relationship; and 6) the extent to which the service rendered is an integral part of the alleged employer's business. *Sec'y of Lab., U.S. Dep't of Lab. v. Lauritzen*, 835 F.2d 1529, 1535 (7th Cir. 1987).

To determine whether a defendant is an "employer," courts consider whether the defendant: 1) had power to hire and fire the employees; 2) supervised and controlled employee work schedules or conditions of employment; 3) determined the rate and method of payment; and 4) maintained employment records. *Cardenas*, 67 F. Supp. at 923.

3

conditions of his employment, and the rate and method of his payment"); *Brown v. Select One, Inc.*, 2024 WL 3398362, at *3 (N.D. Ill. July 12, 2024) (plaintiff plausibly alleged she was an employee under the FLSA where plaintiff worked 70 hours per week and had no other job, plaintiff was not permitted to procure his own customers, and defendant instructed the plaintiff which loads to take, where to take them, what route to take, and when they needed to be delivered.)

Here, Tapia sufficiently alleged that the Defendants exercised control over his day-to-day job duties. As alleged, Tapia worked sixty hours a week and held no other jobs. R. 33 ¶ 17 ("[W]orking [sixty] hours a week left absolutely no time for [Tapia] to work for anyone else."). Tapia's supervisor "always told [Tapia] what time of day to start, where to go, what to do, and generally controlled Plaintiff's specific daily tasks." *Id.* at ¶ 15. Tapia "only reported to [Defendants' worksites] at [his supervisor's] specific directions." *Id.* Indeed, throughout the course of Tapia's employment, his supervisor "regularly scheduled and directed [Tapia] to work sixty hours per week at various [of Defendants'] project locations." *Id.* at ¶ 22. These allegations are sufficient to meet the pleading standard as articulated above and in cases like *Dalton*, *Vasquez*, and *Brown*.

Tapia also sufficiently alleged that Traitel, in her capacity as an individual defendant, was an employer under the FLSA and IMWL. Specifically, Tapia alleged that Traitel was the CEO of Infinity and that Traitel met with Tapia in person when deciding to hire him. R. 33 ¶ 5. This supports the first of the four factors that courts consider when determining whether a defendant is an employer. *Cardenas*, 67 F.

4

Supp. at 923 (courts look to whether the defendant "had the power to hire and fire the employees."). Though no one factor is dispositive, the balancing of factors is properly reserved for analysis at summary judgment. As such, Tapia has satisfied the pleading standard.

## II. Attachments

In moving to dismiss, Defendants also attach payment records at R. 34-1. Defendants argue that the records contradict the allegations by showing that Tapia had "autonomy to pick and choose" his work, R. 34 at 9, and by showing that Tapia received "all monies due and owing to him," *id.* at 13. But this is a motion to dismiss, not a motion for summary judgment and the Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Hernandez*, 63 F.4th at 666. Indeed, documents attached to a motion to dismiss are only considered part of the pleadings "if they are referred to in the plaintiff's complaint and are *central* to his claim." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). Here, though the complaint alleged that Defendants "failed to keep proper time records," R. 33 ¶ 24, Defendants attached the records at R. 34-1 without providing context or authentication. The Court has no way to determine at this stage whether the records are complete. The Court may not consider documents on a motion to dismiss that "require[] discovery to authenticate or disambiguate." *Tierney v. Vahle*, 304 F.3d 734, 739 (7th Cir. 2002). Thus, the Court will not consider the documents attached at R. 34-1.

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is denied.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

DATED: December 12, 2024